CATHERINE C. CANTWELL, Respondent, v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Appellant.

**St. Louis Court of Appeals, November 7, 1911.**

1. CARRIERS OF PASSENGERS: Responsibility of Parent for Child's Fare. A parent who takes her infant child with her on a railroad train is responsible for its fare.

2. COMMON CARRIERS: Lien for Freight Charges. The lien of a carrier of goods exists only in favor of demands connected with the transportation and essential to the conveyance of the particular property against which the lien is asserted from the point of shipment to destination.

3. CARRIERS OF PASSENGERS: Lien on Baggage for Fare. A carrier has a lien on a passenger's baggage for the payment of his fare only because the fare is for, or includes, the transportation of his baggage.

4. ————: Responsibility of Parent for Child's Fare: Lien on Parent's Baggage. A carrier has no lien on a passenger's baggage for the fare of her infant child, accompanying her, which she refuses to pay.

5. ————: Lien on Baggage: Holding on "Blind Charge:" Liability of Final Carrier. A final carrier, detaining a passenger's baggage on a mere "blind charge" of a previous carrier, does so at its peril, if the charge be not shown to be one connected with the transportation of the passenger or the baggage, so as to entitle the previous carrier to a lien.

6. ————: ————: ————: Liability of Terminal Railroad: Principal and Agent. A terminal railroad association, which was not a carrier of a passenger or her baggage, but which received her baggage from a final carrier, after the carriage was completed, in holding the baggage and asserting a lien thereon for a charge of a previous carrier, did so as a mere agent, and as such had no greater rights than its principal. [NORTONI, J., dissents.]

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*Geo. T. Priest, S. P. McChesney* and *J. L. Howell* for appellant.

*Baker, Botts, Parker & Garwood* of counsel.

The court erred in holding that the defendant was not entitled to retain possession of the trunk until the charges against it had been tendered or paid.  2 Hutchinson, Carriers, sec. 864; 2 Hutchinson, Carriers, sec. 1025; 2 Hutchinson, Carriers, sec. 867; 4 Elliott on Railroads, sec. 1662; Roberts v. Koehler, 30 Fed. 94; Railroad v. Orndorff, 55 Ohio St. 589; Braun v. Railroad, 79 Minn. 404; Railroad v. Hoeflich, 62 Md. 300; Warfield v. Railroad, 55 S. W. 304; Railroad v. Faulkner, 63 S. W. 655, 56 S. W. 253; Wells v. Thomas, 27 Mo. 17; I. C. C. Conference Rulings 75, Bulletin No. 4; Railroad v. Reed, 121 S. W. 519; Moses v. Railroad, 32 Pac. 488; Miller v. Railroad, 18 S. W. 954; Pearce v. Railroad, 192 U. S. 179; Coal & Coke Co. v. Railroad, 116 Mo. App. 214.

*H. J. Cantwell* for respondent.

(1) The evidence shows a lack of all privity between the Terminal R. R. Association and the G. H. & S. A. R. R. The Terminal is either an officious intermeddler, or is the agent of the M. K. & T. R. R. The M. K. & T. R. R. disclaimed all interest in the trunk or the charges. Neither the M. K. & T. Railroad nor the Terminal had paid any charges. Even though the M. K. & T. Railroad had paid the charges, they were charges imposed by reason of the M. K. & T. Railroad's breach of contract and that railroad could in no event claim a lien therefor. Hutchinson on Carriers, secs. 884 and 888 (3 Ed.). (2) The Terminal Railroad Association was not a final carrier. It stands in no better situation than the M. K. & T. Railroad and the M. K. & T. disclaimed all interest. Hubbard v. Railroad, 112 Mo. App. 459; Cohen v. Railroad, 126

Mo. App. 244; Landa v. Hoick & Co., 129 Mo. 663; Hendrix v. Railroad, 80 S. W. 970; The K. C. T. Co. v. Neiswanger, 18 Mo. App. 103. (3) The contract with the M. K. & T. Railroad was a valid contract for through transportation of plaintiff and her child, with no limitation of liability for the acts of agents it might employ appearing in the evidence herein. The imposition of the charge was in violation of that contract and the M. K. & T. Railroad cannot enforce a lien by reason of its own wrong. Harrison v. Railroad, 74 Mo. 364; Gilvin v. Railroad, 21 Mo. App. 273; McCann v. Eddy, 133 Mo. 59; P. P. M. Co. v. Wabash, 101 Mo. App. 442.

STATEMENT.—This is an action of replevin originally instituted before a justice of the peace for the city of St. Louis, Mo., and thereafter tried upon appeal in the circuit court. The plaintiff had judgment before the trial court sitting as a jury and the defendant has appealed.

The trial in the circuit court was under an agreed statement of facts, the substance of which, so far as pertinent, is as follows: On May 4, 1909, the plaintiff purchased from the ticket agent of the Missouri, Kansas & Texas Railway Company in St. Louis a through round trip excursion ticket from St. Louis, Mo., to El Paso, Texas, and return, via the Galveston, Houston and San Antonio Railway between San Antonio and El Paso. The Missouri, Kansas and Texas Railway Company's agent at St. Louis told her that she might take along her six-year-old son without needing a ticket for him. She reached San Antonio, Texas, with her son and baggage, over the Missouri, Kansas and Texas Railroad and there embarked on the Galveston, Houston and San Antonio train for El Paso. She checked her baggage from San Antonio to El Paso on her ticket, but was compelled to pay $1.25 in cash as an excess baggage charge, her baggage being about sixty pounds

heavier than the weight allowed for one passenger.
After leaving San Antonio the conductor of the Gal-
veston, Houston and San Antonio Railway Company
took up her ticket and demanded a half fare for the
boy. This she refused to pay. When the train reached
El Paso the plaintiff had her baggage removed to the
hotel. After a short stay in El Paso she left for San
Antonio over the Galveston, Houston and San Antonio
Railroad, having checked her baggage on her ticket,
and paying a $1.25 excess baggage charge. She again
refused to pay the boy's fare, though it was demanded.
When she arrived in San Antonio the Galveston, Hous-
ton and San Antonio officials refused to give her her
baggage unless the boy's fare from San Antonio to
El Paso and return was first paid. She then pur-
chased a half-fare ticket for the child from San An-
tonio to St. Louis, and on her ticket and the child's
ticket, ordered them to check her baggage to St. Louis.
This they did, giving her a baggage check therefor,
and she and the child came on to St. Louis at the same
time. The baggage was delivered to the defendant by
the Missouri, Kansas and Texas Ry. Co. at the city
of St. Louis, the defendant receiving it in its regular
course of business. On the day it arrived in St. Louis
and defendant received it, she demanded it of the de-
fendant, and the defendant refused to deliver it to her
unless she paid the amount of a certain check attached
thereto. This check was a Galveston, Houston and San
Antonio Ry. Co. "C. O. D. check" and merely directed
that the "agent will collect $19.20 before delivering
baggage bearing this." It contained no suggestion as
to what the $19.20 was for. It is agreed that the de-
fendant had no knowledge of the controversy between
the plaintiff and the Galveston, Houston and San An-
tonio Ry. Co. until demand was made by her for her
baggage at St. Louis. Also that the defendant made no
charge to the plaintiff for any service performed by it
in the handling of the baggage and merely held it be-

cause checked as above. It is further agreed that upon demand being made by the plaintiff, she was referred to the Missouri, Kansas & Texas Ry. Co. by defendant; that her husband, as her agent, went to the attorney for the Missouri, Kansas and Texas Ry. Co., who, upon investigation, declared that the Missouri, Kansas and Texas Ry. Co. would take no part in the controversy and was not responsible, and referred the plaintiff's husband to the agent of the Galveston, Houston and San Antonio Railway, who refused to direct the delivery of the trunk without payment of the $19.20.

The only point made by the defendant is that "the court erred in holding that the defendant was not entitled to retain possession of the trunk until the charge against it had been tendered or paid."

CAULFIELD, J. (after stating the facts).—I. Defendant, Terminal Railroad Association, did not detain plaintiff's trunk for the Missouri, Kansas and Texas Ry. Co. nor assert any lien of its own; it made the claim solely on behalf of the Galveston, Houston and San Antonio Ry. Co.

Our first question then is, whether the Galveston, Houston and San Antonio Ry. Co. had a lien on plaintiff's sole personal baggage for the fare of the child she had with her. It may be accepted that she was responsible for the child's fare. [Hutchinson, Carriers (3 Ed.), sec. 1025.] But does it follow that therefore the carrier had a lien on her baggage for such fare? It is said that the carrier of a passenger has the same lien upon his baggage to secure the payment of the price of the carriage that a common carrier has upon the goods which he has carried, for his freight. [Hutchinson, Carriers (3 Ed.), sec. 1305.] Note that it has the *same* lien. Now the lien of the carrier of goods exists only in favor of demands connected with the transportation of the particular property against

which it is asserted, and essential to its conveyance from the point of shipment to destination. [Berry Coal & Co. v. Chicago, P. & St. L. Railway Co., 116 Mo. App. 214, 228, 92 S. W. 714.] It does not exist for the enforcement of demands not connected with such transportation. [Steamboat Virginia v. Kraft, 25 Mo. 76; 5 Am. and Eng. Ency. Law (2 Ed.), 400.] So it is with the carrier of a passenger. He has a lien for the fare of the passenger only because the fare is for, or includes, the transportation of the passenger's baggage. [4 Elliott, Railroads (2 Ed.), sec. 1662.] How does the claim for a lien in the case at bar respond to such a test? Plaintiff purchased and paid for a ticket for herself. This alone entitled her to the transportation of her baggage not exceeding a prescribed weight. She checked her baggage on this ticket and also paid an extra charge because it exceeded the prescribed weight. The exaction and payment of this additional compensation excludes the idea that the child's fare might have included some part of the charge for transporting the baggage. The plaintiff's fare and the excess baggage payment alone included, and were sufficient to cover, that. The demand for the child's fare was wholly foreign to and disconnected with any cost or charge for transportation of plaintiff's baggage. It could not serve as the basis for a valid lien on such baggage.

II.  Nor was defendant in any better position than the Galveston, Houston and San Antonio Ry. Co. as far as the assertion of this lien is concerned. Even a "final carrier" cannot detain goods for a previous carrier unless it at least appears that the lien is claimed for a charge connected with the transportation of the goods. If the "final carrier" holds the goods for a mere blind charge not purporting to be connected with the transportation, it does so at its peril. [Steamboat Virginia v. Kraft, 25 Mo. 76; Berry Coal & Coke

Co. v. C. P. & St. L. Ry. Co., 116 Mo. App. 214, 228.] That is exactly what the defendant did in this case and it must abide the consequences. But the truth is, so far as this record discloses, the defendant was not a carrier of plaintiff or her baggage at all. The Missouri, Kansas and Texas Ry. Co. carried her and her baggage to San Antonio and brought them back to St. Louis. It is true that defendant received the baggage, but the inference is clear that such receipt occurred after the carriage was completed. The best that can be said for defendant's connection with the transaction is, that it was holding the trunk and asserting the lien as a mere agent. As such, it had no greater right than its principal. [24 Am. and Eng. Ency. Law, p. 506.]

The judgment is affirmed. *Reynolds, P. J.*, concurs; *Nortoni, J.*, dissents.